# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM H. KENNEDY, JR., <br>     Plaintiff, <br> v. <br> LIBERTY INSURANCE CORPORATION, et al, <br>     Defendants. | Case No. 2:23-cv-00223-JAD-NJK <br><br> **ORDER** <br><br> [Docket No. 23] |

Pending before the Court is the parties' joint proposed discovery plan. Docket No. 23. The presumptively reasonable discovery period is 180 days. Local Rule 26-1(b)(1). Here, however, the parties seek a 270-day discovery period based on generalized assertions that can be made about the scope of necessary discovery in any case and because the parties delayed in exchanging initial disclosures. *See* Docket No. 23 at 2-3. Intentionally delaying exchanging initial disclosures amounts to a self-imposed stay of discovery. Any change in the discovery schedule which affects the time for completing discovery must have Court approval. Fed. R. Civ. P. 29(b); *see also* Fed. R. Civ. P. 16(b). Here, the parties never requested, and the Court never ordered, a stay of discovery. *See* Docket. When a specific showing has been made that established deadlines cannot be met in a particular circumstance, the Court has found good cause for extension. The instant request makes no specific showing at all and, instead, simply cites generalizations that could be made about all litigation and the parties' self-imposed discovery stay.

Accordingly, the proposed discovery plan is **DENIED** without prejudice. Docket No. 23. An amended discovery plan must be filed by May 12, 2023. To the extent special scheduling review is sought therein, a specific showing must be made as to why the presumptively reasonable deadlines should not apply based on the particular circumstances of this case. Otherwise, the

parties must include the default deadlines, properly calculated from the date of Defendants' answer or first appearance.

IT IS SO ORDERED.

Dated: May 4, 2023

Nancy J. Koppe
United States Magistrate Judge